Nash, J.
1. Does the act of March 29, 1882 (79 Ohio Laws, 59), authorizing incorporated villages having within their limits 'a college or university to provide against the evils resulting from the sale of intoxicating liquors therein, contravene the limitations imposed by the constitution upon legislative power?
In considering this question it must be borne in mind that it is well settled that the presumption is always in favor of the validity of the law; and it is only when manifest assumption of authority, and a clear incompatibility between the constitution and the law appear that the courts will refuse to execute it. Railroad Co. v. Commissioners, 1 Ohio St., 77; Goshorn v. Purcell, 11 Id., 641; Lehman v. McBride, 15 Id., 573.
It is contended that a classification of incorporated villages such as is sought to be made in this act, and the clothing of the councils of such villages with powers not possessed by the councils of other villages, are prohibited by the constitution.
The Revised Statutes divide cities into grades and make provisions for each grade so established. Municipal corporations are divided into three classes — cities, villages and hamlets. Cities are divided into two classes — first and second. Cities of the first class are divided into three grades — first, second and third. Cities of the second class are divided into four grades — first, second, third and fourth. This classification depends upon the number of inhabitants within a city. In The State v. Brewster, 39 Ohio St., 653, it was held that sections 1546-1550, of the Revised Statutes, which make the classification referred to are authorized by *481 the constitution. Judge Okey, in the opinion of the court, says: “ The validity of that classification has been repeatedly recognized in this court and the reasons for adhering to that construction of the constitution are cogent and satisfactory.”
The principle seems to be that a law which relates to certain municipal corporations as a class, and having a like effect upon all within the class is general, but one' that relates to a particular municipality of a class is special. Judge Okey, in the case of McGill v. The State, 34 Ohio St., 228, said: “Under the power to organize cities and villages (Const, article 13, section 6), the general assembly is authorized to classify municipal corporations, and an act relating to any such class may be one of a general nature.” Judge Mcllvaine, in the ease of The State v. Powers, 38 Ohio St., 54, said that “judicious classification and discrimination between classes will not destroy the uniformity required by the constitution.” In the case of The State v. Parsons et al., 40 N. J. Law, 123, the principle is well stated as follows:
“ A law framed in general terms, restricted to no locality, and operating equally upon all of a group of objects, which, having regard to the purposes of the legislation, are distinguished by characteristics sufficiently marked and important to make them a class by themselves, is not a special or local law, but a general law.”
The classification must be just and reasonable, and not arbitrary. In the act under consideration the classification is just and reasonable. It groups in a class all incorporated villages in the state having within them a college or university. There are many of these, and they are located in all sections. Large numbers of boys and young men are congregated in them for the purpose of acquiring an education. Many of them are away from home and parental restraints, and at a time when they are acquiring habits which will make them useful men, or will destroy all hopeful prospects for the future. Such villages are small, and do not have the police restraints of the larger cities. They require regulations which are unnecessary in other *482 villages and in larger cities. The value of their property, and their greater value as suitable resorts for the education of youth, depend upon such villages being kept free from the unrestrained traffic in intoxicating liquors. These considerations and many others which could be enumerated, show the just and substantial character of the classification made in this law, and the wisdom of the general assembly in making it.
It is also claimed that the legislature cannot delegate the power to regulate the sale of intoxicating liquors to the councils of incorporated villages. This is a settled question in Ohio-. Several years ago the council of the village of McConnellsville provided by ordinance that it should be unlawful for any person to keep in its midst a house, shop, room, booth, arbor or place where ale, porter or beer is habitually sold, or furnished, to be drank in, upon, or about the house,' shop, room, booth, arbor, cellar or place where so sold or furnished. This it did under an authority conferred upon municipalities by statute “to regulate, restrain and prohibit ale, beer and porter-houses or shops, and houses and places of notorious or habitual resort for tippling and intemperance.” This act was a delegation of power by the general assembly. In Burckholter v. McConnellsville, 20 Ohio St., 309, the supreme court held the ordinance to be valid, and in so doing of necessity concluded that the legislature could confer a power possessed by itself upon municipal corporations.
2. The plaintiff in error was found guilty of violation of the second and fourth sections of the Oberlin ordinance. These sections prohibited the sale or furnishing of any intoxicating liquors whatever, or in any quanta, to any person, except for two purposes — mechanical and medicinal. In making these sections did the council exceed the power-conferred by the act of March 29, 1882 ? Whether the legislature. could confer the power to prohibit the sale of intoxicating liquors, or whether the council by ordinance could prohibit with this power conferred, are questions not involved in this case. The question simply is, “What power *483 did this act confer? ” We are of the opinion that it did not give authority to prohibit. As expressed in the body of the law it was a power to provide against the evils resulting from the sale of intoxicating liquors. Section 16, article 2 of the constitution, provides that the subject of a bill pending before the general assembly shall be clearly expressed in its title. In trying to determine what the object of the words of a statute are, we are authorized to loot at its title. The title of the law under consideration is “An act authorizing certain incorporated villages to regulate the sale of intoxicating liquors therein.” Considering the words of this act, together with its title, we conclude thatthe power conferred was to regulate the sale of intoxicating liquors, and to provide against evils resulting therefrom, but not to prohibit. We are confirmed in this conclusion from the fact that in previous legislation the word “prohibit” has been used when that was the object sought, and not alone the words “to regulate” and “to provide against evils.” It follows that sections 2 and 4 of this ordinance are void.
A part of an ordinance may be void and the remainder valid, but the other sections of this ordinance are not involved in this case, and therefore we express no opinion in regard to them.

Judgment reversed.